THE WILLIAMS LAW GROUP
Andrew Williams, Esq.
Attorney for Plaintiffs
20 Island Ave
Suite 801
Miami, Florida 33139
Telephone: (253) 970-1683
CA Bar No. 310526
Email:  Andrew@TheWilliamsLG.com
Secondary Email: WilliamsLawFlorida@gmail.com

**Attorney for Plaintiffs, CONNOR HIGGINS and DAVID JONES**

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| CONNOR HIGGINS, an individual, and DAVID JONES, an individual,<br><br>            Plaintiffs,<br><br>vs.<br><br>GRACE L. HAUBERT, an individual, and THE HERTZ CORPORATION, a Delaware corporation, and DOES 1 through 10, inclusive;<br><br>            Defendants. | Case No.:<br><br>COMPLAINT FOR<br><br>    1.  NEGLIGENCE<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

NOW COMES Plaintiffs, CONNOR HIGGINS ("Mr. Higgins"), and DAVID JONES ("Mr. Jones") (Mr. Higgins and Mr. Jones shall collectively be referred to as the "Plaintiffs"), by and through undersigned counsel, hereby files this Complaint and Demand for Jury Trial against Defendants, GRACE L. HAUBERT ("Haubert"), THE HERTZ CORPORATION ("Hertz"), and DOES 1 through 10 (the "DOES") (Haubert, Hertz and the DOES shall collectively be referred to as the "Defendants"), and states as follows:

**INTRODUCTION**

1. This is a suit based upon negligence claims; however, the Plaintiffs may move to amend this Complaint should any additional claims against the Defendants be discovered.

2. The Plaintiffs are seeking an amount in excess of Seventy-Five Thousand dollars ($75,000.00) in damages, including an award of, costs, and attorney's fees.

## THE PARTIES, JURISDICTION, AND VENUE

3. Mr. Higgins is an individual, and at all relevant times herein, he was a citizen of the State of Nevada.

4. Mr. Jones is an individual, and at all relevant times herein, he was a citizen of the State of California.

5. Haubert is an individual, and at all relevant times herein, she was a citizen of the State of Arizona.

6. Hertz is a Delaware corporation, with its principal place of business in Estero, Florida. At all relevant times herein, Hertz was authorized to conduct business in the State of Arizona.

7. The full extent of the facts linking the fictitiously designated Defendants with the cause(s) of actions herein are unknown to the Plaintiffs. Further the true names and capacities, whether individual, corporate, associate, plural or partnership, or otherwise, of Defendants, DOES 1 through 10, inclusive, are unknown to the Plaintiffs. The Plaintiffs therefore sue Defendants by such fictitious names. The Plaintiffs are informed and believe, and thereupon allege, that each of the Defendants designated herein as a DOE is negligently, wantonly, recklessly, tortuously, intentionally and/or unlawfully responsible in some manner for the events and happenings hereinafter referred to, and negligently, wantonly, recklessly, tortuously, intentionally and/or unlawfully, proximately caused injuries and damages to the Plaintiffs, as hereinafter alleged. The Plaintiffs will ask leave of this Court to amend this Complaint to show said Defendants' names and capacities once the same have been ascertained.

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy of this suit exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

9. Venue is proper in this District pursuant to § 1391, in that a substantial part of the events or omissions giving rise to these claims occurred in this District.

## GENERAL ALLEGATIONS

10. In the afternoon on April 1, 2020, the Plaintiffs were driving westbound on Old Oak Lane in a 2019 Dodge Charger, with Arizona license plate number CLB7524 (the "Charger") that was being driven by Mr. Higgins and was owned by Hertz, but rented from Hertz by Mr. Higgins.

11. At the same time the Plaintiffs were driving westbound on Old Oak Lane, Haubert was driving northbound on Bullard Avenue in a 2006 Kia Sorento, with Arizona license plate number CJE0116 (the "Kia") that she owned, on information and belief.

12. While driving on Old Oak Lane, Mr. Higgins encountered a stop sign at the intersection of Old Oak Lane and Bullard Avenue that he stopped at.

13. After stopping at the stop sign, Mr. Higgins proceeded to continue traveling westbound on Old Oak Lane.

14. As Mr. Higgins entered into the intersection of Old Oak Lane and Bullard Avenue, his vehicle, the Charger, which also held Mr. Jones, was t-boned by the Kia that was being driven by Haubert.

15. Mr. Higgins observed Haubert on her phone just before the Kia collided into the Charger in violation of Arizona Revised Statutes ("ARS") Section 54-8(b), and Haubert even admitted to the police officer who arrived on the scene that she was using her cellphone and she was unaware that there was a law prohibiting the use of a cellphone while driving.

16. The entire collision was captured on film by the Plaintiffs as Mr. Jones was making a video recording while he was a passenger in the Charger and thus not prohibited from using his cell phone.

17. As a direct result of the collision, the Plaintiffs have proximately suffered significant bodily injuries, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, medical expenses, loss of earnings and damages to their personal property.

18. The losses suffered by the Plaintiffs are either permanent or continuing and the Plaintiffs will continue to suffer these losses in the future.

**COUNT I**
**NEGLIGENCE**
(by the PLAINTIFFS against HAUBERT and DOES 1 through 5)

19. The Plaintiffs hereby repeat, reallege and incorporate by reference each and every allegation contained hereinabove and incorporate the same herein as though fully set forth herein.

20. Haubert as the owner and operator of the Kia, owed the Plaintiffs a duty of care to ensure that she safely and properly abided by, and conformed with, the rules and regulations of the roadways of the State of Arizona while she was operating the Kia on the roadways in the State of Arizona.

21. Haubert breached this duty to the Plaintiffs when she failed to properly abide by the rules of the roadways in the State of Arizona by using her cellphone while driving in direct violation of ARS, Section 54-8(b) and by causing the collision with the vehicle that the Plaintiffs were in, the Charger.

22. As a direct result of this breach by the Haubert, the Plaintiffs have sustained damages of a physical, emotional and pecuniary nature in an amount to be proven at trial in excess of the jurisdictional limits of this Court.

**COUNT II**
**NEGLIGENCE**
(by Mr. Jones against Hertz and DOES 6 through 10)

23. Mr. Jones hereby repeats, realleges and incorporates by reference each and every allegation contained hereinabove and incorporate the same herein as though fully set forth herein.

24. Hertz as the owner of the Kia, maintained an insurance policy on the Charger that provides or provided for insurance coverage for persons such as Mr. Jones who were injured in vehicles at no fault of their own.

25. Hertz was informed of the collision involving Haubert and the Charger by Mr. Higgins and thus Hertz was aware of and had knowledge of the car accident and Mr. Jones' injuries/damages.

26. Hertz owed a duty to Mr. Jones to ensure that he was properly and sufficiently covered by insurance for any injuries he sustained as a passenger in the Charger.

27. Hertz breached this duty to Mr. Jones as Mr. Jones sustained injuries/damages while he was a passenger in the Charger, at no fault of his own, yet Hertz failed to remit any payment or to provide any insurance coverage to Mr. Jones.

28. As a direct result of this breach by the Hertz, Mr. Jones has not received any compensation for his injuries and damages, which are/were of a physical, emotional and pecuniary nature in an amount to be proven at trial.

**WHEREFORE**, for the reasons set forth herein, the Plaintiffs respectfully requests that this Court award damages against the Defendants as follows:

a. For general and special damages to be proven at trial in an amount in excess of $75,000.00 dollars;

b. For the costs of this action;

c. For attorney's fees; and

d. For any other and further legal and equitable relief this Court deems just and proper.

DATED this 31st day of March 2022.

**THE WILLIAMS LAW GROUP**

COMPLAINT FOR DAMAGES - 5

/s Andrew Williams, Esq.
BY: ANDREW WILLIAMS, ESQ.

## DEMAND FOR JURY TRIAL

Plaintiffs CONNOR HIGGIN and DAVID JONES, hereby demand a trial by jury for all issues so triable.

DATED this 31st day of March 2022.

**THE WILLIAMS LAW GROUP**

/s Andrew Williams, Esq.

## RESERVATION OF RIGHTS

Plaintiffs CONNOR HIGGINS and DAVID JONES reserve the right to further amend this Complaint, upon completion of their investigation and discovery, to assert any additional claims for relief against the Defendants or any other parties as may be warranted under the circumstances and as allowed by law. The Plaintiffs further reserve the right to seek and have punitive damages assessed against the Defendants.

DATED this 31st day of March 2022.

**THE WILLIAMS LAW GROUP**

/s Andrew Williams, Esq.