**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Connor Higgins, et al., | No. CV-22-00522-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Grace L Haubert, et al., | |
| Defendants. | |

This action arises from an April 2020 incident in which Connor Higgins and David Jones (together, "Plaintiffs"), who were riding in a car that Higgins had rented from Defendant Hertz Corporation ("Hertz"), were struck by a car driven by Defendant Grace Haubert ("Haubert"). (*See generally* Doc. 1.) In the complaint, both Plaintiffs assert a negligence claim against Haubert and Jones also asserts a negligence claim against Hertz. (*Id.* ¶¶ 19-28.) The complaint alleges that this Court possesses subject-matter jurisdiction "pursuant to 28 U.S.C. § 1332(a) because the amount in controversy of this suit exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states." (*Id.* ¶ 8.)

On May 1, 2023, Hertz filed a motion for summary judgment. (Doc. 26.) The motion argues as follows: "First, Hertz is entitled to judgment as a matter of law because 49 U.S.C. § 30106 limits the liability of owners of motor vehicles engaged in the business of renting out motor vehicles for harm to persons or property arising out of the use of the vehicle, so long as there is no negligence or criminal wrongdoing on the part of the owner.

1   Second, Hertz's obligation to indemnify its renter is derived from the fiduciary relationship

2   between an insurer and insured/renter and no judgment exists to create such an obligation

3   towards Plaintiff David Jones.  Nor can it as Hertz's renter is not a defendant in this action.

4   Because Plaintiff's claims are both precluded by statute and insufficient, this case is

5   appropriate for summary judgment resolution."  (*Id.* at 1.)

6          Jones's response to Hertz's summary judgment motion was due by May 31, 2023.

7   *See* LRCiv 56.1(d).  However, Jones has never responded.

8          The docket reflects that, between August 2022 and June 2023, Defendants

9   repeatedly attempted to notice the depositions of Plaintiffs.  (Docs. 24-25, 28-32.)

10  However, Plaintiffs repeatedly failed to appear.  (Docs. 33-1, 33-2.)

11         On July 6, 2023, Haubert filed a motion to dismiss.  (Doc. 33.)  The motion seeks

12  dismissal on two grounds: *first*, under Rule 37(d)(1), due to Plaintiffs' failure to appear for

13  their depositions; and *second*, under Rule 12(b)(1), "since neither of the Plaintiffs' claims

14  meet the amount in controversy requirement."  (*Id.* at 1-2.)  As for the latter theory, Haubert

15  elaborates that, during the discovery process, Plaintiffs produced an initial disclosure

16  statement that estimated Higgins's damages as no more than $60,000 and Jones's damages

17  as approximately $30,000.  (*Id.* at 4.)  Haubert contends that these allegations are facially

18  insufficient to establish diversity jurisdiction because "[w]hen there are multiple plaintiffs,

19  each must allege a claim that is in excess of $75,000."  (*Id.*)

20         On July 14, 2023, Hertz filed a joinder in Haubert's motion to dismiss.  (Doc. 34.)

21         Plaintiffs' response to Haubert's motion to dismiss was due by August 7, 2023.  *See*

22  LRCiv 12.1(b).  The deadline has now expired and Plaintiffs have not responded.

23         Plaintiffs' failure to respond to the pending motion to dismiss means that, under this

24  Court's local rules, the motion may be granted summarily.  *See* LRCiv 7.2(i) ("[I]f [an]

25  unrepresented party or counsel does not serve and file the required answering memoranda,

26  . . . such non-compliance may be deemed a consent to the . . . granting of the motion and

27  the Court may dispose of the motion summarily.").  However, "[b]efore dismissing the

28  action" based on a "[f]ailure to follow a district court's local rules, the district court is

required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citations and internal quotation marks omitted).

Separately, the Court "has the inherent power to dismiss a case *sua sponte* for failure to prosecute." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962). The same five factors that are outlined above guide the analysis when considering dismissal on this basis. *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). "The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). Dismissal is proper where "at least four factors support dismissal, or where at least three factors strongly support dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks omitted). Nevertheless, "[t]his 'test' is not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent . . . or a script that the district court must follow." *Conn. Gen. Life,* 482 F.3d at 1096.

Regarding the first factor, "the public's interest in expeditious resolution of litigation always favors dismissal" and can "strongly" support dismissal. *Yourish*, 191 F.3d at 990.

Regarding the second factor, Plaintiffs' apparent disinterest in continuing to litigate this action—they have not bothered to respond to dispositive motions or show up for properly noticed depositions—has frustrated the Court's ability to manage its docket.

Regarding the third factor, Plaintiffs' failure to appear for their depositions creates a significant risk of prejudice to Defendants. *Parker v. Shaw & Lines, LLC*, 2010 WL 1640963, *2 (D. Ariz. 2010) ("It is axiomatic that, as time passes, it becomes harder for Defendants to defend the action as witnesses become unavailable and memories fade.").

The third factor supports dismissal.

The fourth factor weighs against dismissal.  "Because public policy favors disposition of cases on their merits, this factor weighs against dismissal."  *Wystrach v. Ciachurski*, 267 F. App'x 606, 608 (9th Cir. 2008).

The fifth factor supports dismissal.  This factor requires the Court to consider whether less drastic sanctions could be appropriate, whether it has already tried them, and whether the noncompliant party has been warned that the case could be dismissed for failure to comply.  *Connecticut Gen. Life*, 482 F.3d at 1096.  Here, a local rule expressly permits the Court to "dispose of the motion summarily" when an "unrepresented party" fails to "file the required answering memoranda" for a motion.  LRCiv 7.2(i).  Moreover, Plaintiffs were "specifically advised" at the outset of the case "that failure to prosecute, to comply with court orders, or to comply with the Local and Federal Rules may result in dismissal of all or part of this case, default, imposition of sanctions, or summary disposition of matters pending before the Court."  (Doc. 8 at 6.)  It is within the Court's discretion to dismiss the action summarily at this juncture.  *United States v. Warren,* 601 F.2d 471, 474 (9th Cir. 1979) ("Only in rare cases will we question the exercise of discretion in connection with the application of local rules.").

The Court has considered whether less drastic sanctions could be appropriate in this case.  Available alternatives include, for example, "a formal reprimand, imposition of costs or attorney fees, or an adjudication of the motion without the benefit of plaintiffs' arguments in opposition."  *Wystrach*, 267 F. App'x at 608.  The Court has considered these other options and concludes that they would not be appropriate sanctions here in light of Plaintiffs' lengthy track record of non-participation and non-compliance.  The Court will dismiss the action without prejudice, which is the only less drastic sanction appropriate here.  *See, e.g.*, *Fader v. City of Phoenix*, 2013 WL 5446676, *2–3 (D. Ariz. 2013) ("[D]ismissal without prejudice is the only acceptable less drastic sanction in this case.").

…

…

Accordingly,

**IT IS ORDERED** that:

1. Haubert's motion to dismiss (Doc. 33), in which Hertz joins (Doc. 34), is **summarily granted**.

2. Additionally or alternatively, this action is dismissed for failure to prosecute.

3. Hertz's motion for summary judgment (Doc. 26) is **denied as moot**.

4. The Clerk shall enter judgment accordingly and terminate this action.

Dated this 8th day of August, 2023.

Dominic W. Lanza
United States District Judge